Matter of Barone (Commissioner of Labor) (2021 NY Slip Op 06022)





Matter of Barone (Commissioner of Labor)


2021 NY Slip Op 06022


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

533159
[*1]In the Matter of the Claim of Christina Barone, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 8, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

Christina Barone, Island Park, appellant pro se.
Letitia James, Attorney General, New York City (Bessie Basile of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 11, 2020, which ruled, among other things, that claimant's request for a hearing was untimely.
By initial determination mailed on July 1, 2019, the Department of Labor notified claimant that she was ineligible to receive unemployment insurance benefits because she lost her employment due to disqualifying misconduct. Although such notice apprised claimant that she had 30 days in which to request a hearing, claimant did not do so until May 21, 2020. Following a hearing, an Administrative Law Judge overruled the Department's timeliness objection, as well as the initial determination of misconduct, and concluded that claimant was eligible to receive benefits. Claimant's employer appealed, and the Unemployment Insurance Appeal Board reversed, finding, among other things, that claimant's request for a hearing was untimely. Claimant appeals.
"Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Lewkowitz [Commissioner of Labor], 165 AD3d 1336, 1337 [2018] [internal quotation marks and citations omitted]; accord Matter of Delgado [Commissioner of Labor], 171 AD3d 1338, 1338 [2019]; see Matter of Hill [Commissioner of Labor], 113 AD3d 1015, 1015 [2014]). Claimant did not recall receiving the Department's determination in July 2019. However, claimant acknowledged that the address to which the determination was sent was her correct mailing address. More to the point, claimant conceded that the determination at issue "might have just gone right in the garbage," as she "just wanted to put it behind [her]" and, hence, would throw out correspondence that she received from the Department relative to her claim. Therefore, substantial evidence exists in the record supporting the Board's determination that claimant received notice in July 2019 that she had 30 days within which to request a hearing (see 12 NYCRR 461.1 [a]; cf. Matter of Delgado [Commissioner of Labor], 171 AD3d at 1338-1339; Matter of Yamamura [Commissioner of Labor], 111 AD3d 1047, 1048 [2013]). Finally, claimant testified that, although she became quite emotional once the issue of misconduct was raised, she acknowledged that she did not seek professional treatment and admitted that there were not any medical issues preventing her from requesting a hearing.
As claimant requested a hearing well beyond the allotted 30-day period and failed to demonstrate that she was prevented from doing so due to her physical or mental incapacity, we find no basis upon which to disturb the Board's finding that claimant's request was untimely (see Matter of Hirota [Commissioner of Labor], 161 AD3d 1371, 1372 [2018]; Matter of Petrick [Commissioner of Labor], 144 [*2]AD3d 1280, 1282 [2016]; Matter of Hills [Commissioner of Labor], 108 AD3d 914, 914 [2013]). In light of this conclusion, claimant's arguments regarding the circumstances of her discharge are not properly before us.
Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.